UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN FLOOR COVERING, INC.                                                    PLAINTIFF

V.                                                      CIVIL ACTION NO. 3:18-CV-710-DPJ-FKB

ROCO MANAGEMENT, LLC AND
ROCO PEBBLE CREEK, LLC                                                          DEFENDANTS

ORDER

Plaintiff Southern Floor Covering, Inc., performed floor work at the Pebble Creek and

Advantages apartment complexes, which are managed by Defendants Roco Management, LLC,

and Roco Pebble Creek, LLC.  When Defendants refused to pay the invoices for the work, citing

the lack of a purchase order, Plaintiff filed this breach-of-contract action.  The case is now before

the Court on Plaintiff's motion for summary judgment [24], which Defendants oppose.  The

Court, having considered the parties' submissions, finds Plaintiff's motion [24] should be denied.

I.      Facts and Procedural History

In 2016, Southern Floor entered into a Master Service Agreement [26-2] with Roco Real

Estate and its related companies, to include Defendants.  Subsequently, Southern Floor

performed floor work (mainly carpet and sheet vinyl installation) at the Pebble Creek and

Advantages apartment complexes.  *See* Invoices [25-1, 25-2].  Southern Floor submitted invoices

totaling $168,928.76.  Compl. [26-1] at 2.  To date, Defendants have not rendered payment.  *Id.*

Southern Floor filed suit in state court, asserting claims for breach of contract, quantum

meruit, and enforcement of construction lien.  *Id.* at 2–4.  Defendants removed the case to this

Court.  After attempts to mediate the dispute were unsuccessful, Southern Floor filed the instant

motion for summary judgment.  Defendants responded, and Southern Floor declined to reply.

The Court has diversity jurisdiction over the dispute and will consider the motion.

II.     Summary-Judgment Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when

evidence reveals no genuine dispute regarding any material fact and that the moving party is

entitled to judgment as a matter of law.  The rule "mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the

district court of the basis for its motion, and identifying those portions of [the record] which it

believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The

nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing

that there is a genuine issue for trial.'"  *Id.* at 324 (citation omitted).  In reviewing the evidence,

factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both

parties have submitted evidence of contradictory facts."  *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc).  When such contradictory facts exist, the court may "not make

credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*,

530 U.S. 133, 150 (2000).  Conclusory allegations, speculation, unsubstantiated assertions, and

legalistic arguments have never constituted an adequate substitute for specific facts showing a

genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir.

2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.    Analysis

"To prove breach of contract, a claimant must show 'by a preponderance of the evidence:

1. the existence of a valid and binding contract; and 2. that the defendant has broken[ ] or

breached it[.]'"   *Home Base Litter Control, LLC v. Claiborne Cty.*, 183 So. 3d 94, 102 (Miss. Ct.

App. 2015) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012))

(alteration in *Home Base*).  Southern Floor says it satisfactorily performed the work on the

property and Defendants' refusal to pay is in breach of the parties' agreement.

Defendants counter that Southern Floor is not entitled to payment on invoices submitted

without a purchase order (PO) number.  They explain that the Master Service Agreement was

entered into because it is impractical to enter a separate agreement each time flooring services

are needed.  But Defendants argue that "the only means by which any RoCo Real Estate

employee or agent is authorized to procure services from Southern Floor is in writing in the form

of a purchase order[.]"  Iglesias Aff. [26-3] at 2.  "The requirement of a PO is RoCo Real

Estate's way of validating that the work was approved and agreed upon prior to performance."

*Id.*

Defendants generally reference the Master Service Agreement but do not direct the Court

to any specific provisions of the agreement.  That said, the agreement does reference a PO on

multiple occasions.  For example:

> This Master Agreement shall apply to all such work, whether the work is
> performed pursuant to purchase order ("PO") or otherwise. . . .
>
> . . . .
>
> [] Contractor acknowledges that the only means by which any ROCO employee
> or agent is authorized to procure serves from the Contractor is in writing
> (purchase order, contact, memo, etc.). . . .
>
> . . . .
>
> []Every part of the work shall be executed in strict accordance with the PO or
> otherwise in a most sound, workmanlike manner. . . .
>
> . . . .

Contractor understands and acknowledges that notwithstanding any terms set forth to the contrary herein, it will not bill for nor receive any monies in excess of the amount shown on the PO without prior written approval from ROCO.

Contractor certifies and agrees that it is fully familiar with all the terms, conditions and obligations of the PO and this Master Agreement . . . .

Agreement [26-2] at 1–3.

Many of the invoices attached to Plaintiff's motion (and Defendants' response) do not reflect a PO number.  *See* Advantages Invoices [25-1] (89 invoices total); Pebble Creek Invoices [25-2] (58 invoices total); *see also* Invoices [26-4].  Sofia Iglesias, President of RoCo Real Estate, observes in her affidavit that "a substantial number of the invoices submitted by Southern Floor . . . were for work that had not been approved by RoCo Real Estate as evidenced by the absence of proper PO numbers."  Iglesias Aff. [26-3] at 3.  She concludes "there was no obligation for RoCo Real Estate to pay for unapproved work allegedly performed for invoices submitted without an appropriate PO number."  *Id.*

Construing this evidence in the light most favorable to the non-movant, the Court finds this case presents questions of material fact to be resolved by a jury.  Summary judgment is denied.

IV.     Conclusion

The Court has considered all arguments advanced by the parties.  Those not addressed would not have changed the result.  For the reasons stated, Plaintiff's motion for summary judgment [24] is denied.

Once the Court lifts Special Order No.10 (staying civil trials), the parties are instructed to contact Courtroom Deputy Shone Powell to set this case for a pre-trial conference.  *See* Special Order No. 10 (S.D. Miss. Sept. 11, 2020), *available at*

https://www.mssd.uscourts.gov/sites/mssd/files/Special%20Order%20%23%2010%20as%20doc

keted.pdf.

       **SO ORDERED AND ADJUDGED** this the 24th day of September, 2020.

                        s/ *Daniel P. Jordan III*
                        CHIEF UNITED STATES DISTRICT JUDGE